Nash, C. J.
 

 This is a sci. fa. to subject the defendant as
 
 *478
 
 special bail. The defendant is the sheriff of Randolph Count)7, and as such a writ was placed in his hands by the plaintiff to l>e executed on the persons therein named. The defendants in the writ were duly arrested, and the bail-bond, set out in the case, was executed by them. At the return term of the sci. fa., a special plea was filed by the defendant, setting forth an alleged assignment of the bond to the plaintiff, made by him. To this plea there is a demurrer.
 

 The only question before us is as to the sufficiency of the assignment.
 

 The original process, upon which these proceedings are had, issued in 1853, and the bail-bond and the alleged assignment were executed in March, 1849. So, that the question before us is not affected by the act of 1856. The provision of the act of 1830, Rev. stat., cli. 10, sec. 2, under which the proceedings are had, directs that
 
 u
 
 all bail-bonds, to any of the courts, &c., shall be assigned by the sheriff, &c., returning the same, by an endorsement thereon, in the following form, &e.,” which has been pursued by the defendant in this case, but the form concludes as follows r “ In witness, whereof, I have herento set my hand and seal, this the-day of-, -; ” “ and every sheriff, &c., failing to make
 
 such
 
 assignment, shall be deemed, held, and taken as special bail in the same manner as if no bail-bond had been returned. To the return of the bail-bond, there is what is insisted by the counsel, a sufficient assignment. The form begins,
 
 “
 
 I, llezekiah Andrews, sheriff, &c.,” and to it, there is a printed seal, the whole form being printed, but there is no name preceding the seal. That is in blank. This presents the only question in the case. Is the appearance of the name in the bod)7 of the form a compliance with the requirement of the act? We think not. The conclusion of the form, sot out in the act, is a sufficient answer. Seals were adopted to written instruments long before the art of writing was in general use. Each individual adopted some device in his seal, showing, thereby, its appropriation by him. "When, however, in process of time, writing became more diffused among the community, this appropria
 
 *479
 
 tion of tbe device of tbe seal passed out of use, and tbe appropriation of the particular seal, to tbe use of him who claimed it, was evidenced by tbe person affixing bis name to tbe seal.
 

 This is peculiarly necessary in this State, where it lias been judicially decided, that any scrawl affixed to a man’s name purporting to be a seal, is a seal. It is tbe mode of identification and appropriation. If tbe scrawl is not preceded by the name of any one, it is not tbe seal of any one, and tbe instrument is not a deed. This is tbe first attempt we have known, to apply to deeds tbe construction given to wills under tbe statute of wills as to signing tbe script by tbe testator.
 

 Tbe assignment of tbe bail-bond, attempted by tbe defendant, is incomplete, and therefore of no effect, or force, in consequence of the omission of tbe name preceding tbe scrawl. This omission is not supplied by tbe sheriff’s name appearing in tbe body of tbe instrument. See
 
 Mann
 
 v. Hunter, 2 Jones’ Rep. 11.
 

 Pee OuxmAM. There is no error. Judgment affirmed.